AMOCO PIPELINE CO. ET AL., APPELLANTS AND CROSS-APPELLEES,
V. STATE BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE
AND CROSS-APPELLEE, AND GAGE COUNTY ET AL., APPELLEES AND
CROSS-APPELLANTS.

494 N.W.2d 541

Filed January 22, 1993.  Nos. S-91-1052 through S-91-1068,
S-91-1073 through S-91-1101.

John K. Boyer, Amy S. Bones, Norman H. Wright, and John M. Ryan, of Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellants Amoco Pipeline Co. et al.

William E. Peters, of Peters & Chunka, P.C., for appellants Williams Pipeline Co. et al.

Paul M. Schudel and Nana G.H. Smith, of Woods & Aitken, for appellants Wauneta Telephone Co. et al.

Tim Engler and V. Gene Summerlin, of Harding & Ogborn, for appellants Hartington Telephone Co. et al.

Don Stenberg, Attorney General, and L. Jay Bartel for appellee State Board of Equalization.

Patrick T. O'Brien, of Bauer, Galter, O'Brien & Allan, for appellees Gage County et al.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

These are appeals from the findings and order of the State Board of Equalization and Assessment dated November 1, 1991, ordering the Tax Commissioner to reduce the equalized unit value of the appellants' property as certified by the State Board for tax year 1990 by 18.81 percent. The appellants in several of these cases are the owners of centrally assessed property in the State of Nebraska and operate pipeline systems in Nebraska. The appellants in the remaining cases are public service entities within the meaning of Neb. Rev. Stat.

§ 77-801.01 (Reissue 1990) and own, maintain, and operate telecommunications systems in Nebraska. The property of the public service entities is centrally assessed for property tax purposes pursuant to Neb. Rev. Stat. § 77-801 et seq. (Reissue 1990).

The issues raised in these appeals are disposed of by *MAPCO Ammonia Pipeline v. State Bd. of Equal., ante* p. 263, 494 N.W.2d 535 (1993). In light of our decision in that case, the order of the State Board of Equalization and Assessment is affirmed.

AFFIRMED.

CAPORALE, J., not participating in the decision.

SHANAHAN, J., dissenting.

Because the cases are disposed of by the majority's opinion in *MAPCO Ammonia Pipeline v. State Bd. of Equal., ante* p. 263, 494 N.W.2d 535 (1993) (*MAPCO II*), I renew my dissent expressed in *MAPCO II*.